IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

NICHOLAS WELLS, a/k/a Neoshada
Scott Wells-Faith, # 207770,         :

    Plaintiff,                        :

vs.                                  :    CIVIL ACTION 16-0475-KD-N

KATIE ROBERSON, et al.,              :

    Defendants.                       :

### REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983.  This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).  After careful review, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because plaintiff's claims are either malicious or fail to state a claim upon which relief may be granted.

**I.  Complaint.** (Doc. 14).

The complaint before the Court is a superseding amended complaint that the Court ordered plaintiff to file.  (Doc. 14).  The Court made several attempts in this action to have plaintiff file all his claims on the Court's complaint form for a § 1983 action in order to have all of his claims and factual information supporting them before the Court in one document.  Even with the filing of this last amended complaint, plaintiff still filed a separate document, i.e., a "petition or writ of habeas corpus pursuant to 1983 civil rights petition," along with his complaint.  (Doc. 15).  Plaintiff has been advised

that his amended complaint will supersede his prior complaints and, therefore, he cannot rely on his prior complaints, as the Court will not consider them.  (Doc. 13).

Turning to the amended complaint before the Court, plaintiff names as defendants: Katie Roberson, an employee with Standard Furniture, Inc.'s Recruiting Office; Gerald Moore, a sergeant at Mobile Work Release ("work release"); and Steve Pond, Vice-President of Standard Furniture, Inc.  (Doc. 14 at 5).  Plaintiff makes the following allegations against these defendants.  On August 26, 2016, pursuant to defendant Roberson's instruction, he was taken to the Department of Human Resources Building, from where was transferred, without notice, to the segregation unit at work release.  (Id. at 4).  On August 30, 2016, defendant Roberson sent a letter by fax stating plaintiff had been fired from his job for "disrespecting" a female employee.  (Id.).  He was charged with being fired due to this incident.  (Id.).  Then, on September 6, 2016, defendant Roberson sent an additional statement to work release stating that he was charged with sexual harassment.  (Id.).  This statement, plaintiff alleges, caused him to be found guilty based on false allegations.  (Id.).

In the section of the complaint where plaintiff identifies his specific claims against each defendant, plaintiff claims that defendant Roberson twice sent false statements to defendant Moore which caused him to be found guilty and that she slandered his name.  (Id. at 5).  In addition, plaintiff claims that defendant Moore denied him his right to a hearing even after plaintiff showed he was innocent of the charges.  (Id.).  And, defendant Pond is alleged to have "prossessed" (possessed) the evidence and had access to the surveillance cameras.  (Id. at 5-6).  This evidence proved he was innocent, but it was not made available.  (Id.).  For relief, plaintiff wants $150,000 jointly from defendants.  (Id. at 7).

In the separate document "petition for writ of habeas corpus pursuant to 1983 civil rights petition," which plaintiff filed with his amended complaint, plaintiff adds that he was suspended without notice, a hearing, and an opportunity to cross-examine a witness, and was placed in segregation without notice; that the video surveillance did not produce the necessary evidence; and that the victim stated that plaintiff "was not the person who 'disrespected' her." (Doc. 14 at 6-7). Additionally, he maintains that he sustained a due process deprivation and suffered from mental incapacity; heartache; "mental, spiritual and emotional pains and worries"; defamation; and deprivation of privacy. (Id. at 7).

Elsewhere on the complaint form, when information was requested about plaintiff's prior lawsuits, he indicated that he filed another lawsuit relating to his imprisonment with the United States District Court for the Middle District of Alabama, which was against Kenneth Peters. (Id.). But, in response to the complaint form's other question, about filing lawsuits with same or similar facts as this action, plaintiff indicated that he had not filed such a lawsuit. (Id.). He then proceeded to sign his complaint under penalty of perjury stating that the facts in his complaint were true and correct. (Id. at 7).

In examining PACER (Public Access to Court Electronic Records),[1] the Court discovered the action against defendant Peters, but it was filed in the Middle District of Alabama after plaintiff filed the present action. See Wells v. Peters, CA No. 2:16-00780-

---

[1] The Court takes judicial notice of the U.S. Party/Case Index, PACER Service Center available at *http://pacer.psc.uscourts.gov*. FED.R.EVID. 201(b) (providing that the court can take judicial notice of facts "not subject to reasonable dispute . . . [that] can be accurately . . . determined from sources whose accuracy cannot reasonably be questioned"); see Grandinetti v. Clinton, 2007 WL 1624817, at *1 (M.D. Ala. 2007) (unpublished) (taking judicial notice of PACER).

WKW-WC (M.D. Ala. pending). PACER also indicated that plaintiff had filed two prior § 1983 actions, namely, <u>Wells v. Kyzar</u>, CA No. 2:03-00072-MEF-VPM (M.D. Ala. 2005) (concerning medical care while incarcerated), and <u>Wells v. Covington Cty. Court System</u>, CA No. 2:03-001247-MEF-VPM (M.D. Ala. 2004) (concerning his imprisonment), as well as habeas actions.

## II. Analysis.

### A. Standard of Review Under § 1915(e)(2)(B)(i) for Maliciousness.

Because plaintiff is proceeding <u>in forma pauperis</u>, the Court is required to screen his amended complaint under 28 U.S.C. § 1915(e)(2)(B) and to dismiss the amended complaint if it is found to be frivolous or malicious, to fail to state a claim upon which relief can be granted, or to seek monetary relief from a defendant who is immune from such relief.

An action is deemed malicious under § 1915(e)(2)(B)(i) when a prisoner plaintiff affirmatively misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint form under penalty of perjury, as such a complaint "constitutes abuse of the judicial process warranting dismissal of the case without prejudice." <u>Thompson v. Quinn</u>, 2012 WL 6761569, at *1 (N.D. Fla. 2012) (unpublished) (collecting cases), <u>adopted</u>, 2013 WL 45259 (N.D. Fla. 2013); <u>see</u> <u>Rivera v. Allin</u>, 144 F.3d 719, 731 (11th Cir. 1998) (affirming the counting as a strike under § 1915(g) an action that was dismissed for an abuse of legal process when the inmate lied under penalty of perjury about a prior lawsuit), <u>overruled on other grounds by</u> <u>Jones v. Bock</u>, 549 U.S. 199, 215-17 (2007); <u>Schmidt v. Navarro</u>, 576 F. App'x 897, 898-99 (11th Cir. 2014) (unpublished) (affirming the dismissal without prejudice of action pursuant to § 1915(e)(B)(2)(i) as malicious as a sanction for the plaintiff's abuse of process when

4

he failed to disclose under penalty of perjury two, prior federal actions on his complaint form);[2] Harris v. Warden, 498 F. App'x 962, 964 (11th Cir. 2012) (unpublished) (dismissing without prejudice an action for abuse of process when the inmate failed to disclose his litigation history in his original and amended complaints even though the complaint form described the type of cases he was bound to disclose); Jackson v. Florida Dep't of Corrs., 491 F. App'x 129, 132 (11th Cir. 2012) (unpublished) (affirming the dismissal without prejudice of an inmate's action as malicious because he abused the judicial process when under penalty of perjury he represented in his complaint that he had no action dismissed prior to service process, whereas he had two, one of which was contained in the complaint but not in the section inquiring about such cases), cert. denied, 133 S.Ct. 2050 (2013); Redmon v. Lake County Sheriff's Office, 414 F. App'x 221, 223, 225-26 (11th Cir. 2011) (unpublished) (affirming the dismissal without prejudice of the inmate's action signed under penalty of perjury which was found to be abusive when he did not disclose a lawsuit that he filed when the complaint form asked for disclosure of all lawsuits relating to his imprisonment or conditions of imprisonment, regardless of his response that he did not understand the form); Shelton v. Rohrs, 406 F. App'x 340, 340 (11th Cir. 2010) (unpublished) (affirming the dismissal without prejudice of the inmate's complaint under § 1915(e)(2)(B)(i) for an abuse of process after he checked "no" to the complaint form's question asking if he had filed other actions in state or federal court because the case management system reflected he had filed four actions and he would have known that he had filed multiple actions, thereby rejecting his arguments that he did not remember filing any civil actions and that his records

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

were inaccessible).

When an action is dismissed without prejudice as malicious, the Court must consider whether the action may be re-filed or if the dismissal without prejudice is effectively a dismissal with prejudice due to the statute of limitations having expired and preventing the plaintiff from re-filing the action. Stephenson v. Warden, 554 F. App'x 835, 838 (11th Cir. 2014) (unpublished); Hines v. Thomas, 604 F. App'x 796, 800 (11th Cir. 2015) (unpublished); see Schmidt, 576 F. App'x at 899 (affirming the dismissal without prejudice of an action as malicious, based on plaintiff's failure to advise of prior lawsuits as required by the complaint form, because the complaint could be re-filed as the statute of limitations had not expired).

**B. Application of Law to Facts.**

In the present amended complaint, plaintiff indicates that he filed one other lawsuit that relates to his imprisonment, which was filed after he filed the present action. (Doc. 14 at 3). However, an examination of PACER reflects that plaintiff had filed two other cases that he did not list. Thus, when plaintiff filed his amended complaint, he knowingly chose not to list these two prior actions. He then proceeded to sign the present complaint under penalty of perjury. (Id. at 7).

In Rivera, supra, the Eleventh Circuit affirmed the district court's dismissal of the prisoner's action without prejudice as a sanction for "abus[ing] the judicial process" when he lied under penalty of perjury about the existence of a prior lawsuit, and the district court's treatment of the dismissal as a strike. 144 F.3d at 731. In the subsequent case of Pinson v. Grimes, 391 F. App'x 797 (11th Cir.) (unpublished), cert. denied, 562 U.S. 1013 (2010), the Eleventh Circuit, relying on Rivera, affirmed the district court's "finding an abuse of judicial process and issuing a strike" when the prisoner had only

listed two prior cases despite having filed two other federal cases within the preceding month. Id. at 799. Accordingly, the Court deems that plaintiff's behavior is an abuse of the judicial process that warrants this action's dismissal as malicious pursuant to § 1915(e)(2)(B)(i), and that the dismissal should be counted as a strike for § 1915(g) purposes.[3] Rivera, supra; Pinson, supra.

Moreover, if this action were dismissed, plaintiff would be able to re-file it. (Id. at 7). That is, in Alabama the statute of limitations for filing a § 1983 action is two years from when the claim accrues. Lufkin v. McCallum, 956 F.2d 1104, 1105, 1108 n.2 (11th Cir.), cert. denied, 506 U.S. 917 (1992); ALA. CODE § 6-2-38(l). Inasmuch as plaintiff's amended complaint concerns acts taken in August and September, 2016 (Doc. 14 at 4), the statute of limitations has not expired on plaintiff's claims. Therefore, plaintiff can re-file his action, if he elects. Because this action can be re-filed, this action is due to be dismissed without prejudice as malicious.

### C. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B) for Frivolousness and for Failure to State a Claim.

Under 28 U.S.C. § 1915(e)(2)(B), alternate grounds exist for the dismissal of the present action. Section 1915(e)(2)(B)(i) provides that a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[4] A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at

---

[3] Plaintiff did not list these two prior lawsuits in his other complaints filed in this action.

[4] Neitzke's interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(d)'s superseding statute, 28 U.S.C. § 1915(e)(2)(B). Bilal v. Driver, 251 F.3d 1346,1348-49 (11th Cir.), cert. denied, 534 U.S. 1044 (2001).

1833, or the claim seeks to enforce a right that clearly does not exist.  Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original).  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949.  Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted.  Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910, 920-21, 166 L.Ed.2d 798 (2007).

When considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), but it does not have "license . . . to rewrite an otherwise deficient pleading in order to sustain an action."  GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Iqbal, 566 U.S. 662.  The court treats as true factual

allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements.  Id. at 681, 129 S.Ct. at 1951.  In addition, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

### D. Failure to State a Claim upon Which Relief Can Be Granted.

#### 1. Legal Standards Under 42 U.S.C. § 1997e(e).

"A complaint is subject to dismissal for failure to state a claim 'when its allegations, on their face, show that an affirmative defense bars recovery on the claim.'" Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003)).  An affirmative defense is created by 42 U.S.C. § 1997e(e), which provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)."  Id. at 1321.  It is this statute that provides an alternate basis for the dismissal of this damages action.

Section 1997e(e) was enacted by Congress "[i]n an effort to stem the flood of prisoner lawsuits in federal court[.]"  Harris v. Garner, 216 F.3d 970, 971 (11th Cir.), cert. denied, 532 U.S. 1065 (2001).  This section is "[r]ead as a limitation on recovery only[.]" Harris v. Garner, 190 F.3d 1279, 1288 (11th Cir. 1999) (finding that the Constitution does not "mandate[ ] a tort damages remedy for every claimed constitutional violation"), opinion vacated by 197 F.3d 1059, opinion reinstated in part by 216 F.3d 970 (11th Cir. 2000).  By enacting this section, Congress chose to "preclude[ ] some actions for money damages[,]" id. at 1283, and "to enforce prisoners' constitutional rights through suits for declaratory and injunctive relief[,]"id. at 1289, and nominal damages.  Brooks v.

Warden, 800 F.3d 1295, 1307-09 (11th Cir. 2015)(observing in the instance where a deprivation of an absolute right occurred without an injury, nominal damages are available).

Section 1997e(e) applies "only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody." Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir.), cert. denied, 540 U.S. 1112 (2004). The statute encompasses all claims with no exceptions being provided. Al-Amin v. Smith, 637 F.3d 1192, 1197 (11th Cir. 2011) (holding no distinction is made between "constitutional claims frequently accompanied by physical injury (e.g., Eighth Amendment violations) and those rarely accompanied by physical injury (e.g., First Amendment violations)[;]" all constitutional claims are treated equally). Nor does the mental or emotional injury need to be pled in order for the statute to be applicable. Id. at 1197 & n.5 (otherwise a prisoner's pleading or not pleading of mental or emotional injury would achieve talismanic importance and lead to illogical results). In order to avoid dismissal under § 1997e(e), a prisoner's claim "must be accompanied by allegations of physical injuries that are greater than de minimis." Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1312–13 (11th Cir. 2002).

    **2. Application of Law to the Facts.**

In the present action, plaintiff filed this action while he was incarcerated and requested $150,000 in damages. (Doc. 1 at 7). In his allegations, plaintiff identified no physical injury. Plaintiff did not specify the type of monetary damages that he was seeking, but considering the large amount, his request appears to be in the nature of a request for compensatory or punitive damages. That is, $150,000 is inconsistent with a nominal damages request. See Carey v. Piphus, 435 U.S. 247, 266-67, 98 S.Ct. 1042, 55

L.Ed.2d 252 (1978) (holding nominal damages should not exceed one dollar); <u>Kyle v. Patterson</u>, 196 F.3d 695, 697 (7th Cir. 1999) (holding $1 is the norm for nominal damages); <u>Harrison v. Myers</u>, 2011 WL 3204372, at *7 (S.D. Ala. 2011) (finding the prisoner's request of $2,500 was not for nominal damages inasmuch nominal damages implies a mere token or trifling); <u>In re Bayside Prison Litigation</u>, 2010 WL 4916716, at *4 (D. N.J. 2010) (finding that "$2,000.00 surely surpasses the limit of what constitutes a 'minimal' amount of compensation by any definition of the term 'nominal'"); <u>Qualls v. Santa Rosa Cty. Jail</u>, 2010 WL 785646, at *3 n.1 (N.D. Fla. 2010) (unpublished) (dismissing the plaintiff's complaint as it "cannot be liberally construed as requesting nominal damages, because he specifically requested only $250,000 in compensatory and/or punitive damages").

In order for his claim for compensatory or punitive damages to proceed, plaintiff must demonstrate that he suffered a physical injury greater than <u>de minimis</u>. <u>Id</u>. at 1313. Otherwise, in the absence of plaintiff having demonstrated a physical injury greater than <u>de minimis</u>, § 1997e(e) bars his damages claims. <u>Logan v. Hall</u>, 604 F. App'x 838, 840-41 (11th Cir. 2015) (finding that being subjected to additional close management and disciplinary confinement did not satisfy the physical injury requirement and thus the inmate failed to allege a claim for compensatory or punitive damages); <u>Stephenson v. Ellis</u>, 2013 WL 1197723, at *2 (N.D. Fla. 2013) (unpublished) (finding that § 1997e(e) barred the claim for compensatory and punitive damages based on the disciplinary proceeding because no physical injury was alleged); <u>cf. Holifield v. Mobile Cty. Sheriff's Dep't of Mobile Cty., Ala.</u>, 2008 WL 2246961, at *4 (S.D. Ala. 2008) (unpublished) (holding that 42 U.S.C. § 1997e(e) barred an HIV inmate's federal claims challenging, among other things, his probation revocation, as he did not have a physical

injury); Lakes v. States Bd. of Pardons & Paroles, 2006 WL 870424, at *2 (N.D. Ga. 2006) (unpublished) (finding, among other things, that 42 U.S.C. § 1997e(e) barred her claim challenging her parole revocation as there was no physical injury present).

The pleading filed with the amended complaint is the only place where plaintiff describes any condition connected to his claims. (Doc. 15). That is, he refers to his mental incapacity, heartache, and "mental, spiritual and emotional pains and worries." (Doc. 15 at 7). Congress envisioned these types of emotional and mental harms without a prior physical injury as being precluded from review when it enacted 42 U.S.C. § 1997e(e). Harris, 190 F.3d at 1287. Therefore, because plaintiff has not alleged a physical injury, and with plaintiff requesting compensatory and/or punitive damages in the amount of $150,000, § 1997e(e) bars this action. Therefore, this action is due to be dismissed without prejudice pursuant to 28 U.S.C.§ 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.[5]

**IV.  Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be

---

[5] Other problems exist with plaintiff's amended complaint. Two defendants, Katie Roberson and Steve Pond are employees of Standard Furniture, Inc. and typically do not act under color of state law. However, in order to state a claim under § 1983 against a defendant, the plaintiff must show that a defendant acts under color of state law. Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992); see Fuller v. Gates, 2015 WL 854478, at *9–10 (N.D. Ala. 2015) (unpublished) (finding that Platinum Homes, Lamb Motors, and their employees were private entities and not state actors with respect to the work-release plaintiff's claim); Eatmon v. Pilgrim Pride Chicken Plant, 2012 WL 1319537, at *1 (M.D.Ala. 2012) (unpublished) (finding that the work release inmate's claims against his employer, Pilgrim Pride, and his supervisor at Pilgrim Pride were frivolous because these defendants did not act under color of state law). Furthermore, plaintiff's allegations do not demonstrate that he had a liberty interest, to which due process attached, that was impacted by his removal from his job and work release and his subsequent transfer back to an institution. Ragland v. Watson, 2007 WL 1651107, at *5 (M.D. Ala. 2007) (finding an inmate has no liberty interest in his classification, his continued participation in work release, and his removal from work release to an institution).

dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because plaintiff's claims are either malicious or fail to state a claim upon which relief may be granted.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 8th day of February, 2017.

*s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**